# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

|  |  |
|---|---|
| LENORE ALBERT, | Case No.: **SACV 18-00448-CJC(JDEx)** |
| Plaintiff, | |
| v. | |
| ANTHONY TROY WILLIAMS., *et al.*, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| Defendants. | |

## I. INTRODUCTION

On March 21, 2018, Plaintiff Lenore Albert ("Albert") filed this racketeering and civil rights action against twenty-eight defendants. (Dkt. 39.) Albert's operative First Amended Complaint ("FAC") is ninety-seven pages long with eleven causes of action,

-1-

the majority of which relate to the California State Bar's investigation of Albert and suspension of her license to practice law. (Dkt. 172 [FAC] at ¶ 105.) Specifically, Albert brings claims for (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (2) retaliation in violation of 42 U.S.C. § 1983, (3) conspiracy in violation of 42 U.S.C. § 1985, (4, & 5) deprivation of her constitutional rights under 42 U.S.C. § 1983, (6) defamation, (7) false light, (8) tortious interference with a prospective economic advantage, (9) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, (10) aiding and abetting violations of California Unfair Competition Law, and (11) relief declaring certain state statutes unconstitutional. (*See id.*)

Before the Court are several Defendants' motions to dismiss Albert's FAC. Defendants Timothy Byer, Alex Hackert, Caitlin Elen-Morin, State Bar Employee, and the State Bar of California (collectively, the "State Bar Defendants") move to dismiss claims one, two, four, five, and eleven pursuant to Federal Rule of Civil Procedure 12(b)(6), the *Younger* abstention doctrine, and the *Rooker-Feldman* doctrine. (Dkt. 193.) Defendant Devin Lucas moves to dismiss claims one, eight, nine, and ten pursuant to Rule 12(b)(6). (Dkt. 203.)[1] Defendant Nira Woods moves to dismiss the entire FAC by referencing and attempting to incorporate the State Bar Defendants' motion. (Dkt. 201.)[2] For the following reasons, Defendants' motions to dismiss are **GRANTED**.[3]

---

[1] According to his caption page, Defendant Lucas moves in the alternative for "summary judgment or summary adjudication." (Dkt. 203 at 1.) However, his pleading papers only argue for dismissal of Albert's FAC under Rule 12(b)(6) and other doctrines. Lucas also requests that the Court declare Albert a vexatious litigant. (Dkt. 203 at 9–10.) But he fails to support his request with any comprehensive list of Albert's filings or findings of frivolousness. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–58 (9th Cir. 2007) (requiring that before imposing a vexatious litigant order, the Court must have before it an "adequate record" showing that the litigant's activities were abusive).

[2] According to the caption page of her motion to dismiss, Defendant Woods additionally moves for "summary judgment on the pleadings" and asks this Court to assign her a public attorney. Woods fails to articulate any legal bases for either request.

[3] Having read and considered Plaintiff's motion, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 26, 2018, at 1:30 p.m. is hereby vacated and off calendar.

## II. BACKGROUND

### A. Parties

Albert, an attorney, is currently suspended from the State Bar by a California Supreme Court order dated December 13, 2017, and effective February 14, 2018. (Dkt. 193 at 1.) Prior to her suspension, she represented consumers in "home loan or civil rights litigation" in state and federal court. (Dkt. 197 at 1.) Presently, she faces a disciplinary recommendation from the State Bar Court following a recent trial on charges of misconduct, including perjury. (Dkt. 193 at 1.) Since July 2014, she has been subject to thirty-two different State Bar disciplinary investigations. (FAC ¶ 260.)

The individual State Bar Defendants are State Bar attorneys and officials. Defendant Farfan is a Probation Case Specialist in the State Bar Office of Probation. Defendants Byer and Hackert are senior attorneys in the State Bar Office of Chief Trial Counsel ("OCTC"), the department responsible for investigating and prosecuting attorney discipline cases. Defendant Elen is an attorney in OCTC and a former OCTC investigator. Albert additionally names "State Bar employee" as a Defendant but does not otherwise indicate this employee's identity. Albert generally alleges that the State Bar Defendants conspired in violation of RICO by investigating complaints filed against Albert by third parties. (FAC ¶¶ 100, 264, 290–91, 314–15, 332–33, 337–41.) She also claims they violated her constitutional rights both by failing to notify her of her suspension and by taking certain actions in connection with her current State Bar disciplinary proceeding. (*Id*. ¶¶ 345–70, 380–82, 393–408.)

Defendant Devin Lucas is an attorney active in the State Bar of California who served as opposing counsel in a matter that Albert litigated in state court. *See Kent v. Fin City Foods, Inc*., Case No. 30-2014-00713792 (Orange Cty. Super. Ct.). He is also one

of the many individuals that filed an ethics complaint against Albert with the State Bar. (Dkt. 203 at 1.) Albert alleges that Lucas is engaged in a conspiracy with other lawyers, the State Bar, and the individual Defendants to commit various violations of RICO. (*See, e.g.*, FAC ¶ 226 [describing his purported involvement in what Albert terms the "Grand Theft Project," whereby several Defendants "devised a scheme to convince [a] finance company to commit auto grand theft under the guise of a repossession"].) She also claims that Lucas "attempted to commit acts made with the intent to defraud others to the injury of [Albert]" in violation of California Business & Professions Code § 17200. (*Id.* ¶ 475.)

Defendant Nira Woods is a 72 year-old woman that retained Albert for legal representation. She, too, filed a complaint with the State Bar regarding Albert, and ultimately testified against her in the State Bar disciplinary proceeding. Albert alleges that Woods not only was party to the expansive RICO conspiracy to investigate her, but also, like Lucas, diverted customers away from Albert in violation of California Business & Professions Code § 17200. (*Id.* ¶¶ 481–82.)

## B. Albert's Current Suspension

The OCTC has filed formal disciplinary proceedings in State Bar Court in five of its thirty-two investigations of Albert. (*Id.* ¶ 260.) These cases have been partly consolidated. A three-day trial on three of the cases occurred in July 2016 before Judge Roland. (Dkt. 193 Ex. 8 at 2.) Judge Roland found that Albert improperly interfered with the State Bar's investigation and failed to pay court-ordered sanctions. (*Id.* at 1.) Albert appealed the decision to the State Bar Review Department ("Department"), which found that Albert had received a fair trial and largely affirmed Judge Roland's decision. (Dkt. 193 Ex. 9 at 18–19.) The Department recommended discipline of a one-year probation and a 30-day actual suspension. (*Id.*) As a condition of reinstatement of her

license, Albert was required to pay the State Bar's costs and $5,735 in discovery sanctions. (*Id*.) Albert then appealed the Department's decision to the California Supreme Court. (*See* Dkt. 193 Ex. 10.) On December 13, 2017, the California Supreme Court issued a final order adopting the disciplinary recommendation of the Department. (*Id*.) After Albert was denied a rehearing, the order of discipline became effective on February 14, 2018. (Dkt. 193. at 7, Ex. 12.)

In an attempt to circumvent her suspension, Albert filed for Chapter 13 bankruptcy less than a week later. In rare cases, orders conditioning license reinstatement on payment of costs may conflict with the United States Bankruptcy Code. This is because 11 U.S.C. § 525 prohibits a governmental entity from denying, suspending, or refusing to renew a license solely because an individual has not paid a "dischargeable debt." In Chapter 7 bankruptcy, costs imposed for disciplinary purposes fall under a statutory exception that renders these costs nondischargeable. *See* 11 U.S.C. § 523(a)(7); *In re Scheer*, 819 F.3d 1206, 1211 (9th Cir. 2016). In Chapter 13 bankruptcy, however, the statutory exceptions are far more limited and do not apply to costs like Albert's. *See* 11 U.S.C. § 1328(a). Accordingly, when an attorney files for Chapter 13 bankruptcy and the only condition to her reinstatement are costs owed, the State Bar is typically obligated to reinstate the license. (Dkt. 193 at 8.) To avoid violating the Bankruptcy Code, the State Bar reinstated Albert's license on June 1, 2018, backdated to March 16, 2018 (the date her actual suspension concluded). (*Id*. at 9.)

In June 2018, the Bankruptcy Court denied Albert's Chapter 13 bankruptcy plan and converted her case into a Chapter 7 proceeding. Case No. 18-bk-10548-ES, Dkt. 196. Due to this change, Albert's prior suspension and discipline no longer conflicted with bankruptcy law. The State Bar resumed Albert's suspension on June 28, 2018. (Dkt 193 Exs. 18, 19.) Albert appealed the suspension again, and the California Supreme Court denied her appeal. (*Id*. Ex. 21.) Albert also sought reinstatement of her license

through her pending bankruptcy proceeding, but was likewise denied. Case No. 8:18-bk-10548-ES, Dkt. 230. Accordingly, Albert remains suspended for failure to pay specified costs and remains on one-year probation pursuant to the California Supreme Court's December 13, 2017 order.

### C. Albert's Current Disciplinary Proceeding

The OCTC's remaining two cases against Albert have been consolidated in the State Bar's current disciplinary proceeding. (Dkt. 193 Ex. 23.) Albert faces eight counts of misconduct, the majority of which relate to her representation of Defendant Nira Woods. (Dkt. 193 Ex. 23.) She is also charged with failure to obey a court order and failure to cooperate with a State Bar investigation. (*Id.*) On August 24, 2018, Judge Roland denied Albert's request for a jury trial and appointment of counsel. (Dkt. 193 Ex. 24.) Albert did not appeal this denial to the California Supreme Court within the required fifteen-day window. *See* Cal. R. 9.13(c).

Albert did, however, file an *ex parte* application for a temporary restraining order to prevent the State Bar Defendants from moving forward with her September 19, 2018 trial before the State Bar Court. (Dkt. 175.) In that application, Albert also sought relief on many of the same claims that the State Bar Defendants move to dismiss here. On September 18, 2018, the Court denied Albert's application, finding that she had failed to show a likelihood of success on the merits on any of her causes of action against the State Bar Defendants. (Dkt. 189 at 5–9.) On September 20, 2018, Albert filed a document in the State Bar Hearing Department informing the State Bar Court that she was invoking her Fifth Amendment right to not testify in the proceeding. (Dkt. 193 Ex. 25.) The Hearing Department has not yet issued its decision. (Dkt. 193 at 12.)

//

## D. Other Relevant Allegations

The bulk of Albert's remaining allegations concern what she describes as a scheme by the individual Defendants to "confuse the public and divert clients and potential homeowner clients away from Albert's business while a group of the Defendants were running sovereign citizen tactic homeowner fraud rescue scams." (Dkt. 197 at 1.) According to Albert, Lucas and Woods "sought to extort money from Albert under the threat of taking Albert's law license and crushing her business by engaging in a scheme to defraud" her. (Dkt. 243 at 1.) They also purportedly made false complaints and proffered false testimony to the State Bar Court that resulted in the State Bar's investigations and suspension of Albert. (Dkt. 242 at 3.)

## III. DISCUSSION

### A. Injunctive Relief Barred by *Younger* and *Rooker-Feldman* Doctrines

The State Bar Defendants first move to dismiss Albert's claims to the extent they seek injunctive relief concerning her ongoing State Bar disciplinary proceeding and current order of suspension and probation. As a general matter, a federal court will not intervene in a pending state proceeding absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 42–43 (1971). All of the claims that Albert asserts against the State Bar Defendants involve allegations concerning either Albert's current disciplinary proceeding or her current suspension and probation. (*See* FAC ¶¶ 51–344 [claim one], 345–70 [claim two], 380–92 [claim four], 393–408 [claim five], 493–99 [claim eleven].) The State Bar Defendants contend that any relief that would enjoin her current disciplinary proceedings is barred under the *Younger* abstention doctrine. (Dkt. 193 at 15–16.) They also argue that any relief enjoining her current suspension and probation is barred under the *Rooker-Feldman* doctrine. (*Id.* at 16–17.) The Court agrees.

Albert's requested injunctive relief as to her current disciplinary proceeding is precluded by the *Younger* abstention doctrine. Under *Younger v. Harris*, a federal court must abstain from exercising its jurisdiction where (1) a state-initiated proceeding is ongoing, (2) the proceeding implicates important state interests, (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding, and (4) the federal court action would enjoin the state proceeding or have the practical effect of doing so. *See Younger*, 401 U.S. at 42–43; *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (applying *Younger* abstention to an ongoing state bar proceeding that overlapped with a federal case). The Ninth Circuit has repeatedly held that *Younger* abstention applies where a plaintiff seeks to challenge or enjoin a pending disciplinary action or other state judicial proceeding. *See, e.g.*, *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

As the Court already noted in its order denying Albert's *ex parte* application for a temporary restraining order, the four requirements for *Younger* abstention are met. First, the State Bar Court-initiated proceeding against Albert is currently ongoing. (Dkt. 193 Ex. 23 [Case Nos. 16-O-12958 and 16-O-10548].)[4] Second, it is well established in this Circuit that State Bar disciplinary proceedings implicate an important state interest. *See Middlesex*, 457 U.S. at 434 ("The State . . . has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses."). Third, Albert has an adequate opportunity to litigate federal constitutional claims through her State Bar proceeding. *See Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708,

---

[4] Albert claims that the proceedings are no longer ongoing because her disciplinary trial concluded on September 21, 2018. (*See* Dkt. 194 Ex. 24.) However, as noted, the State Bar Court cannot impose discipline—it can only recommend discipline to the California Supreme Court. As the California Supreme Court has not yet entered a final order of discipline, Albert's State Bar proceedings are still "ongoing" for purposes of *Younger* abstention. *See Hirsh*, 67 F.3d at 712 (finding that State Bar disciplinary proceedings are "ongoing" when suit was brought after the filing of the notice of disciplinary charges but prior to the imposition of discipline by the California Supreme Court).

712–13 (9th Cir. 1995). The California Constitution does preclude the State Bar Court from considering federal constitutional claims. *See* Cal. Const. art. III, § 3.5. However, such claims may be raised in judicial review of the State Bar Court's decision. *Hirsh*, 67 F.3d at 713. The Ninth Circuit has repeatedly held that this is sufficient to satisfy the third *Younger* factor. *See id.* at 712–13 (citing cases).[5] Finally, Albert specifically asks this Court for "injunctive relief to the extent needed to bar the [State Bar] from violating [Albert's] constitutional rights and continuing the use of sovereign citizen extremists to target [Albert]," (FAC ¶¶ 24, 340, 344, 369, 391, 407, 498; Dkt. 197 at 2.), satisfying the fourth *Younger* factor. Accordingly, the Court cannot grant any injunctive relief concerning her current disciplinary proceeding. To the extent any of Albert's claims seek injunctive relief on these grounds, they are **DISMISSED WITH PREJUDICE**.

To the extent Albert seeks relief from the conditions of her current suspension and probation, such relief is barred by the *Rooker-Feldman* doctrine. In establishing the Article III courts, Congress vested the authority to review final judgments by the highest court of a state with the United States Supreme Court. 28 U.S.C. §§ 1257, 1291, 1331; *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit has firmly established that issues concerning attorney admission and discipline fall squarely within the *Rooker-Feldman* doctrine. *See MacKay v. Nesbett*, 412 F.2d 846, 846–47 (9th Cir. 1969); *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005); *Scheer v. Kelly, et al.*, 817 F.3d 1183, 1186 (9th Cir. 2016). Any Court-imposed modifications to the conditions of Albert's probation would effectively constitute an improper review and revision of the California Supreme Court's December 13, 2017 order. *See Mothershed*, 410 F.3d at 607–08

---

[5] The fact that the California Supreme Court's review is discretionary does not change this analysis. *See Canatella v. California*, 304 F.3d 843, 1111 (9th Cir. 2002) (although judicial review is "wholly discretionary, its mere availability provides the requisite opportunity to litigate"); Cal. R. 9.16(a) (stating that the California Supreme Court will order review of State Bar Court decisions when "necessary to settle important questions of law" or the "Petitioner did not receive a fair hearing").

(dismissing plaintiff's constitutional and state law tort claims against state bar disciplinary judges and officials because the claims constituted "particularized challenge[s] to . . . [state] disciplinary proceedings' results"). The Court declines Albert's invitation to interfere with the California Supreme Court's decision here. To the extent Albert's claims seek injunctive relief as to the conditions of her current suspension and probation, they are likewise **DISMISSED WITH PREJUDICE**.

## B.     Failure to State a Claim under Rule 12(b)(6)

The State Bar Defendants and Defendant Devin Lucas also move to dismiss claims one, two, four, five, eight, nine, ten, and eleven for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 193 at 17–25; Dkt. 203 at 2–4.) Defendant Woods does not point to specific legal grounds for dismissal of these claims but does state that "all the legal arguments, and the case laws [sic] provided, in [the State Bar Defendants' motions] can be applied as well, to Woods' instant motions." (Dkt. 201 at 5.)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). The district court may also consider additional facts in materials that the district court may take judicial notice, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.

1994), as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

### 1.     State Bar Defendants' Immunity

The State Bar Defendants first move to dismiss claims one, two, four, and five as barred on the grounds of absolute and qualified immunity. (Dkt. 193 at 13.)[6] They argue that the State Bar is entitled to absolute immunity for all claims against it under the Eleventh Amendment. (*Id.*; Dkt. 206 at 3.) They also contend that the individual State

---

[6] Where the defendant, as here, raises a facial—as opposed to factual—challenge to the Court's subject matter jurisdiction, the Court applies the Rule 12(b)(6) legal standard to a motion to dismiss on the grounds of sovereign and qualified immunity. *Duffy v. Los Banos Unified Sch. Dist.*, 2015 WL 6881119, at *3 (E.D. Cal. Oct. 28, 2015) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

Bar Defendants are entitled to qualified immunity for claims one, two, four, and five. (Dkt. 193 at 14.) The Court agrees.

The State Bar invokes immunity from suit pursuant to the Eleventh Amendment. The Eleventh Amendment to the U.S Constitution prevents a plaintiff from suing a state or one of its agencies in federal court without consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), *superseded by statute on other grounds*. It is well-established in the Ninth Circuit that the State Bar is an arm of the State of California for purposes of the Eleventh Amendment. *See Hirsh v. Justices of Supreme Ct. of State of Cal.*, 67 F.3d 708, 712 (1995); *see also Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985), *cert. denied*, 474 U.S. 916 (1985). Accordingly, the State Bar is entitled to immunity under the Eleventh Amendment.[7]

Certain individual State Bar Defendants seek absolute quasi-judicial immunity as to Albert's RICO and section 1983 claims to the extent those claims are premised on their purported conduct in connection with Albert's disciplinary proceedings. When assessing entitlement to quasi-judicial immunity, the question is whether the individual "perform[s] functions closely associated with the judicial process" that "are judicial in nature." *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002). Federal common law judicial or quasi-juridical immunity protects state bar prosecutors for alleged wrongdoing in connection with attorney discipline proceedings. *Hirsh*, 67 F.3d at 714–15; *Clark v. Wash.*, 366 F.2d 678, 681 (9th Cir. 1966). The Ninth Circuit has held that this absolute immunity extends to both RICO claims and section 1983 claims. *Van Beek v. AG-Credit Bonus Partners*, 316 Fed. App'x 554, 555–56 (9th Cir. 2008) [RICO]; *Hirsh*, 67 F.3d at 714–15 [Section

---

[7] Albert contends that the State Bar waived Eleventh Amendment immunity because it filed a proof of claim with the United States Bankruptcy Court in Albert's bankruptcy case. (Dkt. 197 at 4.) While filing a proof of claim may waive sovereign immunity as to claims made in Albert's bankruptcy case, Albert fails to explain how this filing would impact the State Bar's immunity in a separate lawsuit filed in federal district court.

1983].  To the extent any cause of action against the State Bar prosecutors involved in Albert's case is premised on acts taken in connection with her disciplinary proceedings, those individuals are entitled to absolute quasi-judicial immunity.

As to the individual State Bar Defendants' alleged acts that are unrelated to Albert's State Bar disciplinary proceedings, the individual State Bar Defendants assert qualified immunity.  Government employees are entitled to qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). At the motion to dismiss stage, the Court must view the allegations of the complaint as true when determining qualified immunity.  *Henshaw v. Daugherty*, 125 Fed. App'x 175, 176 (9th Cir. 2005).  Here, Albert brings claims two, four, and five under 42 U.S.C. § 1983 for purported violations of her constitutional rights.  The individual State Bar Defendants' alleged violations are failure to notify Albert of the suspension of her license (FAC ¶ 354 [claim 2]; *id*. ¶ 382 [claim 4]), failure to remove her suspension after March 16, 2018, (*id*. ¶ 382 [claim 4]), resumption of her suspension "without justification," (*id*.), and compelling her to testify and denying her request for a jury trial and appointed counsel in her current State Bar disciplinary proceeding, (*id*. ¶ 400 [claim 5]).

Albert has failed to allege that the individual State Bar Defendants violated any clearly established statutory or constitutional right.  As a threshold matter, only the California Supreme Court can suspend an attorney.  *Konigsberg v. State Bar of Cal*., 353 U.S. 252, 254–58 (1957); *In re Rose*, 22 Cal. 4th 430, 443–45 (2000).  None of the individual State Bar Defendants—State Bar prosecutors and a probation case specialist— have the authority to suspend Albert, remove her suspension, or resume her suspension. As to her allegations regarding notice of her suspension, attorneys are informed of their discipline by the California Supreme Court.  Cal. R. 9.13, 9.16(b).

Nor has Albert stated a violation of any constitutional rights in her current disciplinary proceeding. Albert contends that her constitutional rights are being violated in her current proceeding because she was denied a jury trial, has not been appointed counsel, and is being forced to testify. However, as Albert herself concedes, it is well-established that attorneys subject to State Bar discipline are not entitled to the full panoply of constitutional safeguards applicable in criminal trials, including the right to counsel and a jury. *See Slaten v. State Bar of Cal.*, 46 Cal.3d 48 (1988); *Ainsworth v. State Bar*, 46 Cal.3d 1218, 1230 (1988) (although a state bar member was entitled to a "reasonable" opportunity and right to be represented by counsel, it was the attorney's responsibility to obtain representation). As to the purported violation of her Fifth Amendment right against self-incrimination, Albert ultimately invoked that right and chose not to testify at her recent trial before the State Bar Court. Albert fails to allege facts indicating that the individual State Bar Defendants' conduct violates any clearly established statutory or constitutional right here. Accordingly, the individual State Bar Defendants are entitled to qualified immunity as to any liability for damages for Albert's claims. *See Am. Fire, Theft & Collision Managers, Inc. v. Gillespie*, 932 F.2d 816, 818 (9th Cir. 1991) (stating that qualified immunity is a defense to "damage liability; it does not bar actions for declaratory or injunctive relief").

## 2. Claim One: RICO

Albert brings claim one for violations of RICO against all Defendants. (FAC ¶¶ 51–344.) Albert generally alleges that Defendants participated in a "larger scheme designed to maximize Defendants' own profits" under which they "agreed to commit acts of fraud, extortion, impersonation, and grand theft to wrongfully obtain property and/or money from [Albert]." (*Id.* ¶¶ 54–55.) The individual State Bar Defendants as well as Defendants Lucas and Woods move to dismiss this claim under Rule 12(b)(6).

To state a civil RICO claim, a plaintiff must allege facts showing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005); 18 U.S.C. § 1964(c). To show an "enterprise," Plaintiff must state facts that establish (1) "a common purpose of engaging in a course of conduct," (2) an "ongoing organization, formal or informal," and (3) "evidence that various associates function as a continuing unit." *Odom v. Microsoft Corp.*, 486 F.3d 541, 548, 552 (9th Cir. 2007).

As a threshold matter, Albert fails to sufficiently allege the existence of an "enterprise." Plaintiff brought this action against twenty-eight Defendants consisting of various lawyers, the State Bar and its officials, the Superior Court of California, a judge, and former clients. Albert fails to allege how these individuals have a "common purpose" or "function as a continuing unit." *See id*.

Nor has Albert alleged sufficient facts to show that the individual State Bar Defendants, Lucas, or Woods engaged in actionable predicate acts. As to the State Bar Defendants, Albert claims that they conspired in violation of RICO when they investigated purportedly false complaints of misconduct against Albert between 2014 and 2015. (FAC ¶¶ 100, 220, 264–65, 290–91.) Based on these facts, she claims the State Bar Defendants engaged in the "predicate acts" of mail and wire fraud, extortion, and conspiracy. (*Id*. ¶¶ 115–292, 314–15.)

However, Albert pleads no facts showing that the individual State Bar Defendants' conduct satisfied the elements of these purported predicate acts. To establish wire and mail fraud under 18 U.S.C. §§ 1341, 1343, Albert must allege that Defendants devised or intended to devise a "scheme or artifice to defraud." To establish extortion, Albert must show not only that Defendants had an "intent to defraud or prejudice" but also that they

improperly obtained Albert's property. *See* Cal. Pen. Code § 548. And to establish conspiracy, Albert must allege that Defendants actually took actions to conspire with the other Defendants. *See id*. § 182. Albert pleads no facts to meet these elements. Instead, she summarily concludes that because the State Bar investigated the horde of third-party complaints against her, it engaged in these predicate acts. This is insufficient to state a claim for violation under RICO. *See Savage v. Council on American-Islamic Relations, Inc*., 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (finding a RICO claim insufficient where plaintiff set forth a "redundant narrative of allegations and conclusions of law but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO"). To the extent that Albert's RICO claim as to the individual State Bar Defendants is not already barred for the reasons discussed above, the claim is **DISMISSED WITH PREJUDICE**.

Nor does Albert plead facts to state a plausible claim for violation of RICO against Defendants Woods or Lucas. For instance, Albert claims that both Woods and Lucas "unlawfully, feloniously, and with the intent to induce [Albert] against her will to perform and act or to refrain from performing a lawful act, made a substantial threat to confine or restrain, cause economic hardship to, cause bodily injury to, damage the property of, or damage the reputation of [Albert]." (FAC ¶¶ 313–14.) But Albert fails to substantiate these conclusory allegations with actual facts. Albert does not offer any facts that plausibly suggest that Woods or Lucas conspired with over twenty-eight named and unnamed Defendants to commit violations of RICO against Albert. To the extent that claim one is premised on relief not barred under the *Younger* and *Rooker-Feldman* doctrines, claim one as to Defendants Woods and Lucas is **DISMISSED WITH PREJUDICE.**

//

### 3. Claim Two: Retaliation

Albert brings claim two for retaliation in violation of 42 U.S.C. § 1983 against the State Bar Defendants only. (FAC ¶¶ 345–64.) Albert contends that the State Bar Defendants retaliated against her for attempting to "create a unionized force to protect attorney member's [sic] interest with regard to the State Bar" and speaking out against the State Bar's spending. (*Id.* ¶ 351.)

To establish a First Amendment retaliation claim, a plaintiff must allege facts demonstrating that "(1) she engaged in constitutionally protected activity; (2) as a result, she was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). As to causation, a plaintiff "must allege facts ultimately enabling him to prove the elements of retaliatory animus as the cause of injury, with causation being understood to be but-for causation." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 916 (9th Cir. 2012) (quotation marks omitted).

Here, Albert wholly fails to allege facts that show retaliatory animus was the but-for cause of her purported injury. Albert claims that the State Bar "retaliated against [her] for speaking out by charging her with the thinnest of thread" and posting "fabricated allegations" on her membership page. (FAC ¶ 352.) However, Albert fails to allege any facts demonstrating a connection between her exercising her First Amendment rights and the actions the State Bar Defendants took against her. Albert has been subject to thirty-two different State Bar disciplinary investigations. (FAC ¶ 260.) Numerous individuals have lodged complaints against her. She currently faces an order of suspension and probation, which was upheld by the California Supreme Court. Albert fails to allege any

facts indicating that the State Bar's investigation, prosecution, and suspension were the result of animus. In light of the futility of amendment, the claim is **DISMISSED WITH PREJUDICE** to the extent it is not already barred for the reasons stated above.

### 4. Claims Four & Five: Section 1983

Albert brings claims four and five under 42 U.S.C. § 1983 against the State Bar Defendants only for allegedly (1) failing to notify her of her suspension, making improper changes to her licensing status, and resuming her suspension in her prior State Bar proceeding, and (2) compelling her to testify and failing to grant her request for counsel and a jury trial in her current State Bar proceeding. (FAC ¶¶ 380–408.)

Section 1983 is not itself a source of substantive rights. Rather, it is a remedy for violations of rights conferred by the U.S. Constitution and federal statutes. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Accordingly, to state a section 1983 claim, a plaintiff must allege she suffered a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. A plaintiff must also allege sufficient facts to demonstrate that the individual Defendants were personally involved in the deprivation. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (stating that "vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss").

Albert's section 1983 claims fail for many of the reasons stated above. Albert has failed to allege any facts supporting a constitutional or statutory violation in connection with her prior or current disciplinary proceeding. And none of the individual State Bar Defendants' remaining alleged acts—posting information regarding her suspension on the State Bar's website, refusing to provide State Bar policies pursuant to a Freedom of

Information Act request, and not responding to inquiries concerning her status—constitute a deprivation of any right or privilege guaranteed by the Constitution. Accordingly, claims four and five are **DISMISSED WITH PREJUDICE** to the extent they are not already barred for the reasons stated above.

### 5.    Claim Eight: Interference with Prospective Economic Advantage

Albert brings claim eight for tortious interference with prospective economic advantage against several individual Defendants, including Lucas.  (FAC ¶¶ 456–64.) To state a claim for tortious interference with prospective economic advantage, a plaintiff must show (1) existence of an economic relationship between the plaintiff and a third party that contains the probability of future economic benefits to plaintiff, (2) defendant's knowledge of the relationship, (3) intentionally wrongful acts designed to disrupt the relationship, (4) actual disruption of that relationship, and (5) economic harm proximately caused therefrom.  *Roy Allan Slurry Seal v. Am. Asphalt*, 2 Cal. 5th 505, 512 (2017).

Albert claims in conclusory fashion that Lucas and others knew about her attorney client-relationships and "disrupted [them] by an independent tort."  (FAC ¶¶ 457, 459.) Albert fails to allege any facts showing that Lucas in particular knew of any of Albert's relationships with third parties, let alone committed independently wrongful acts to disrupt those relationships.  In light of Albert's lack of factual allegations, the Court finds that amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016). Accordingly, claim eight as to Defendant Lucas is **DISMISSED WITH PREJUDICE**.[8]

---

[8] Lucas contends that this claim, and the remaining claims against him, are barred by the doctrines of res judicata, collateral estoppel, and impermissible claim-splitting.  (Dkt. 203 at 5.)  Albert had filed a prior state court action against Lucas and other named Defendants here.  *See Albert v. Xcentric Ventures LLC, et al.*, Case No. 30-2014-00737825-CU-DF-CJC (Orange Cty. Super. Ct.).  Lucas states that the state

### 6. Claims Nine & Ten: California's Unfair Competition Law

Albert brings claims nine and ten for violations of California's Unfair Competition Law ("UCL") against several individual Defendants, including both Lucas and Woods. (FAC ¶¶ 465–92.) This claim is largely derivative of Albert's RICO claim.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL "borrows" rules from other laws and "makes violations of those rules independently actionable." *Zhang v. Superior Court*, 57 Cal. 4th 364, 370 (2013) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co*., 20 Cal. 4th 163, 180 (1999)). However, an action under the UCL 'is not an all-purpose substitute for a tort or contract action.' Instead, the act provides an equitable means through which both public prosecutors and private individuals can bring suit to prevent unfair business practices and restore money or property to victims of these practices." *Zhang*, 57 Cal. 4th at 371 (internal citations omitted) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150 (2003)). Due to this objective, the available remedies are "limited" and "narrow." *Id.* Under the UCL, "prevailing plaintiffs are generally limited to injunctive relief and restitution." *Id.*

Here, Albert fails to explain how she is entitled to injunctive relief or restitution under the UCL. She broadly claims that Defendants' "unlawful, unfair, and fraudulent business practices" constitute "a continuing threat to members of the public warranting an injunction, freezing of assets and accounting, as well as restitution." (FAC ¶ 483.) Given that the allegedly "continuing threat" is a series of "sovereign citizen schemes" to divert customers away from Albert, it is unclear what assets she refers to or how she is

---

court action was "virtually the same as the instant federal court action, i.e. alleged perpetration of a fanciful cosmic conspiracy against Plaintiff Albert," but fails to explain how the issues or claims in that prior suit are identical to those here. (*See* Dkt. 203 at 5–7.)

otherwise entitled to relief under the UCL. Albert fails to allege any facts explaining how Lucas, a practicing attorney who no longer has any active cases with Albert, and Woods, a 72 year-old woman who once was Albert's client, are engaged in a "business act or practice" that is unlawful or fraudulent. Because they are largely derivative of Albert's RICO claim, claims nine and ten as to Defendants Woods and Lucas are **DISMISSED WITH PREJUDICE**.

### 7.    Claim Eleven: Declaratory Relief

Albert brings claim eleven for declaratory relief stating that California Business and Professions Code §§ 6085 and 6106 are unconstitutional. (FAC ¶¶ 493–99.) Only the State Bar Defendants moved to dismiss this claim. (Dkt. 193 at 24.) To the extent Albert is asserting an as-applied challenge to these statutes, such a claim is barred under the *Younger* abstention for the reasons discussed above. Albert can raise these constitutional challenges in a petition to the California Supreme Court. *See In re Franceschi*, 43 Fed. App'x 87, 90 (9th Cir. 2002) ("California's attorney disciplinary proceedings provide [plaintiff] with sufficient opportunity to raise federal claims for *Younger* purposes.").

To the extent Albert is making a facial challenge to these statutes, Albert has failed to allege how either statute is unconstitutional. Albert claims section 6085 is unconstitutional because "it does not have a provision requiring the [State Bar] to appoint counsel to an indigent defendant" and violates the Fourth, Fifth, and Sixth Amendment rights of the accused. (FAC ¶ 496.) As noted above, it is established that the Constitution does not afford attorneys facing bar discipline the same protections as criminal defendants. Albert fails to allege how this statute is otherwise unconstitutional.

Section 6106, according to Albert, is unconstitutional because it "allow[s] the State Bar to take away a license to practice law based on a crime of moral turpitude, even if the lawyer has not yet been charged or convicted by any law enforcement agency." (FAC ¶ 497.) This is simply untrue. No statute provides the State Bar such authority. Rather, section 6106 provides that

> The commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension.

The State Bar cannot take Albert's license. Only after a trial in which Albert is afforded adequate notice and an opportunity to be heard, can the State Bar make a disciplinary recommendation to the California Supreme Court as to whether Albert is culpable of conduct amounting to an act involving moral turpitude, dishonesty, or corruption. Given that amendment would be futile, *Arizona Students' Ass'n*, 824 F.3d at 871, claim eleven is **DISMISSED WITH PREJUDICE.**

### C.    Requests for Judicial Notice and Rule 26(f) Conference

Albert, the State Bar Defendants, and Defendant Lucas made several separate requests for judicial notice. (Dkts. 195, 198, 199, 203-3, 207, 215, 244, 253, 258.) Pursuant to Federal Rule of Evidence 201, the Court may judicially notice a fact "not subject to reasonable dispute" if it is (1) generally known within the trial court's jurisdiction, or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because the parties request judicial notice of more than one hundred individual documents, the Court divides the requests into several categories.

The State Bar Defendants and Defendant Lucas request that the Court take judicial notice of certain federal and state court filings. (Dkts. 195, 203-3, 207.) It is well recognized that the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The State Bar Defendants and Lucas seek judicial notice of filings regarding Albert's disciplinary proceedings and her litigation with Lucas, both of which are relevant to the action here. Accordingly, the Court takes judicial notice of the State Bar Defendants' Exhibits 2–17, 19–25, 27–29 and Defendant Lucas' Exhibits A–E. (*See* Dkts. 195, 203-3, 207.)

The State Bar Defendants additionally request judicial notice of pages from the State Bar Court's website and a letter from the State Bar to Albert notifying her that her suspension was resumed. (Dkt. 195.) The State Bar Defendants have failed to explain how the contents of its website are managed or capable of accurate and ready determination. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029–30 (C.D. Cal. 2015) (expressing courts' general hesitation to take judicial notice of information on websites). Accordingly, their request as to Exhibits 1 and 26 is denied. Exhibit 18, the State Bar's letter to Albert regarding her suspension, is the basis of several of her allegations in the FAC. Albert does not contest the authenticity of this document. Given its relevance to Albert's claims, judicial notice is appropriate.

Albert requests judicial notice of numerous documents, including correspondence between her and various Defendants, filings in State Bar disciplinary proceedings against attorneys with seemingly no connection to Albert, and court filings by several individual Defendants in unrelated matters. (Dkts. 198, 199, 203-3, 207, 215, 244, 253, 258.) To the extent Albert seeks judicial notice of the State Bar's correspondence with her and state and federal court filings in the matters in which Albert was specifically involved,

the Court grants Albert's request. The Court, however, denies her request for judicial notice of the State Bar's conduct in other disciplinary proceedings or investigations (including those of individual Defendants in this action), as they bear no direct relation to the matter here. The Court also denies her request to take judicial notice of the remaining miscellaneous documents (e.g., "Ford Credit Phone Log excerpts") that Albert fails to authenticate.

Albert also requests that the Court hold a discovery conference pursuant to Federal Rule of Civil Procedure 26(f). (Dkt. 236.) Albert claims that Defendants have refused to participate in a discovery conference, thereby "barring [her] from compelling any disclosures or discovery." (*Id.* at 1.) The Court has not yet set a scheduling order or conference pursuant to Federal Rule of Civil Procedure 16(b), so there is no deadline for the Rule 26(f) conference to occur. *See* Fed. R. Civ. P. 26(f)(1) (stating "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)".) Given the deficiencies in Albert's FAC, a Rule 26(f) conference at this stage would be pointless. [9]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED**. The State Bar is entitled to immunity from suit under the Eleventh Amendment. To the extent that the individual State Bar Defendants are not entitled to immunity or the requested relief is not barred, the remaining claims against them are **DISMISSED WITH PREJUDICE** for failure to state a claim. Claims one, eight, nine, and ten as to Defendants Woods and Lucas are likewise **DISMISSED WITH PREJUDICE** for

---

[9] Albert also raised several evidentiary objections to the declaration and exhibits submitted on behalf of the State Bar Defendants. (Dkts. 200, 213, 252.) Because the Court does not rely on any of the evidence Albert cites, it need not address those objections here.

failure to state a claim. The Court hereby **ORDERS** Plaintiff Albert to show cause why the remaining claims against the nonmoving Defendants should not be dismissed for failure to state a claim. Plaintiff Albert shall file a written opposition or response to this order to show cause **WITHIN FOURTEEN DAYS**.


DATED:     November 21, 2018

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE