Anthony T. Williams
Private Attorney General
Whistle Blower
FDC-Honolulu # 05963-122
P.O. Box 30080
Honolulu, HI 96820



## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LENORE ALBERT  NO.8:18-cv-00448-CJC-JDE

    Plaintiff,

vs.  **SWORN MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR RACKETEERING, CIVIL RIGHTS, AND UCL VIOLATIONS; CERTIFICATE SERVICE.**

ANTHONY WILLIAMS, et al.

    Defendants.

**SWORN MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR RACKETEERING, CIVIL RIGHTS, AND UCL VIOLATIONS**

  COMES NOW, defendant ANTHONY WILLIAMS, by and through the undersigned common law counsel, Private Attorney General Anthony Williams, appears pursuant to 28 USC 1654, who is a servant of the creator of Heaven and Earth, the Most High Yahweh Elohim and Yahshua the Mahshyah and submits this Sworn Motion To Dismiss First Amended Complaint For Racketeering, Civil Rights, And UCL Violations pursuant to Fed. R. Civ. P. Rule 12(b)(6) for plaintiff's failure to state a claim upon which relief can be granted. Defendant declare under penalty of law that the statements contained herein are true, correct and complete to the best of defendant's knowledge, information and belief. In support of this motion defendant states the following:

1. Defendant emphatically denies each and every allegation in the complaint in regards to the defendant.

2. Defendant did not conspire with any of the co-defendants to engage in any type of RICO action against the plaintiff.

3. Defendant did not engage in any actions which were extortive, retaliatory or served as retribution against the plaintiff.

4. Defendant's companies Common Law Office of America ("CLOA") and Mortgage Enterprise Investments ("MEI") had no business dealings with the plaintiff whereby plaintiff can assert any actions on the part of the defendant or his business which caused any harm or injury to the plaintiff.

5. Plaintiff complains about defendant's common law grand juries which had no direct connection or affect on the plaintiff or her business to where plaintiff can claim harm or injury. Defendant's common law grand juries were empaneled according to the law as confirmed by the U.S. Supreme court in United States v. Williams, 504 U.S. 36, 118 L Ed 2d 352, 112 S. Ct 1735 (1992).

6. Plaintiff makes a litany of complaints about defendant's clients and lawful documents filed on their behalf which have no relation or relevance to the complaint and no cause of harm or injury to the plaintiff.

7. Plaintiff complains about a photo of a monkey and a snake that Plaintiff's photo was placed between on defendant's company website after plaintiff engaged in defaming the name and character of the defendant based upon false information plaintiff received from the FBI and local law enforcement agencies.

8. The picture of the monkey and snake were used as metaphors comparing plaintiff's disposition with these animals based on the numerous complaints filed against the Plaintiff by consumers with the California State Bar. The use of these metaphoric pictures in no way can be construed to defame and slander plaintiff's name because the truth of the matter is that based upon the plaintiff's conduct that was reported by numerous disgruntled clients, the animal characteristics were a proper assessment of

the plaintiff's conduct in which the California State Bar agreed and suspended the plaintiff's "license" to practice law.

9. The conduct plaintiff complains of is a protected First Amendment right to free speech. If plaintiff's claim had any merit, then every comedian in America could be sued for making a joke about politicians, police, judges, attorneys, celebrities and others alike.

10. Plaintiff contends that defendant in complicity with others made false complaints against plaintiff. However, defendant never made any complaints let alone false complaints against the plaintiff.

11. Defendant advised any client or consumer who had a complaint against an attorney that the State Bar is the proper organization to file their complaint with.

12. Defendant never advised any client or consumer to file a false complaint against the Plaintiff.

13. Plaintiff had a client, Sherri Moody, who was dissatisfied with plaintiff's representation and hired the undersigned to protect her property interest in which plaintiff failed to do and plaintiff complains about defendant's representation of this client which had no direct or indirect connection with any harm or injury done to the plaintiff.

14. Plaintiff complains that defendant and others impersonated federal officers but did not explain how this was relevant to her complaint in regards to what manner it caused her harm or injury when the defendant and the others were never charged with the impersonation of a federal officer nor did the defendant commit any acts that could be construed as causing harm or injury to the plaintiff.

15. Plaintiff complains that defendant and Valerie Lopez impersonated a consulate, however, did not explain how this was relevant to her complaint in regards to what manner it caused her harm or injury, when the defendant and Valerie Lopez were never charged with impersonation of a consulate nor did the defendant commit any acts that could be construed as causing harm or injury to the plaintiff.

16. Plaintiff accused defendant and others of forgery, recording false documents, grand theft and conspiracy, which are criminal charges not applicable to a civil action. The defendant nor the others were not charged with these crimes against the plaintiff. Furthermore, plaintiff did not explain how this was relevant to her complaint in regards to what manner it caused her harm or injury, when the defendant and the others were never charged with these crimes against the plaintiff.

17. Plaintiff accused the defendant of tortuous interference with a prospective economic advantage, UCL section 17200 violation, Aiding & Abetting Violation in complicity with other co-defendants, however, she failed to explain in what manner specifically, the defendant was involved and what conduct that defendant specifically committed, which caused the plaintiff harm or injury.

18. Plaintiff contends defendant is liable for exemplary damages for vile and contemptible conduct, however, she failed to outline with any particularity or specificity of how, when, where and in what manner the defendant's conduct was vile and contemptible. Mere statements such as "defendant did me wrong or caused me harm" are insufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted.

19. Plaintiff erroneously asserts that somehow the California State Bar knew and approved of malicious, oppressive and fraudulent conduct by the defendant when the defendant has no personal nor business relationship with the California State Bar whatsoever, and therefore, defendant did not conspire with the State Bar to cause harm or injury to the plaintiff. Any harm or injury done to the plaintiff by the State Bar, had no connection with any agreement or conduct of the defendant.

20. Plaintiff's complaint seems to be a dispute between the plaintiff, some of plaintiff's colleagues, the California State Bar, the bank and a few co-defendants that defendant knew and the plaintiff has erroneously included defendant in her complaint as being in complicity or concert with these defendants to cause plaintiff harm and injury, but has not identified what specific acts which defendant committed, the date and times they were committed and how those acts and conduct directly or indirectly caused harm or injury to the plaintiff.

CONCLUSION

WHEREFORE, based on the foregoing facts, the First Amended Complaint filed by the plaintiff has stated no cognizable claims against the defendant whereby relief can be granted and defendant moves the court to dismiss the First Amended Complaint as to the defendant with prejudice.

Respectfully submitted,

/s/Anthony Williams
Anthony Williams
Private Attorney General
Counsel to the Poor (Psalms 14:6)
Common Law Counsel (28 USC 1654)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by US Mail or email to the following recipients:

LENORE S. ALBERT
14272 Hoover Street #69
Westminster, CA  92683
Email: lenorealbert@msn.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
411 West Fourth Street
Santa Ana, CA  92701

On the 14th day of November, 2018.

/s/ Anthony T. Williams
Anthony T. Williams
Private Attorney General
Counsel to the Poor (Psalms 14:6)
Common Law Counsel (28 USC 1654)

Anthony Williams
Private Attorney General
FDC - Honolulu # 05963-122
P.O. Box 30080
Honolulu, HI 96820



RECEIVED
CLERK, U.S. DISTRICT COURT
NOV 19 2018
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION    BY DEPUTY

JDE
CJC

United States District Court
Central District of California
411 West Fourth Street
Santa Ana, CA 92701

9270 1845 16 0013

