# JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

LENORE ALBERT,

    Plaintiff,

v.

ANTHONY TROY WILLIAMS., *et al.*,

    Defendants.

Case No.: SACV 18-00448-CJC(JDEx)

**ORDER DISMISSING WITH PREJUDICE PLAINTIFF'S REMAINING CLAIMS**

## I. INTRODUCTION & BACKGROUND

On March 21, 2018, Plaintiff Lenore Albert ("Albert") filed this racketeering and civil rights action against twenty-eight defendants. (Dkt. 39.) Albert's operative First Amended Complaint ("FAC") is ninety-seven pages long with eleven causes of action,

-1-

the majority of which relate to the California State Bar's investigation of Albert and suspension of her license to practice law. (Dkt. 172 [FAC] at ¶ 105.) Specifically, Albert brings claims for (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (2) retaliation in violation of 42 U.S.C. § 1983, (3) conspiracy in violation of 42 U.S.C. § 1985, (4 & 5) deprivation of her constitutional rights under 42 U.S.C. § 1983, (6) defamation, (7) false light, (8) tortious interference with a prospective economic advantage, (9) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, (10) aiding and abetting violations of California Unfair Competition Law, and (11) relief declaring certain state statutes unconstitutional. (*See id.*)

The Court has summarized the facts of this case in detail in other Orders, (*see* Dkts. 189, 259), and does not repeat that summary here. In short, Albert, an attorney, is currently suspended from the State Bar by a California Supreme Court order dated December 13, 2017, and effective February 14, 2018. (Dkt. 193 at 1.) Prior to her suspension, she represented consumers in "home loan or civil rights litigation" in state and federal court. (Dkt. 197 at 1.) Presently, she faces a disciplinary recommendation from the State Bar Court following a recent trial on charges of misconduct, including perjury. (Dkt. 193 at 1.) Since July 2014, she has been subject to thirty-two different State Bar disciplinary investigations. (FAC ¶ 260.) In this action, she generally alleges that Defendants have conspired to disbar Albert and interfere with her ability to obtain and retain clients. (*See generally* FAC.)

On November 21, 2018, the Court ruled on three separate motions to dismiss by (1) Defendants Timothy Byer, Alex Hackert, Caitlin Elen-Morin, and the State Bar of California (collectively, the "State Bar Defendants"), (Dkt. 193), (2) Defendant Devin Lucas, (Dkt. 203), and (3) Defendant Nira Woods, (Dkt. 201). The Court dismissed with prejudice claims two, four, five, and eleven for failure to state a claim. (Dkt. 259 at 18–19.) The Court also dismissed with prejudice claims one, eight, nine, and ten for failure

to state a claim as to the moving parties. (*Id.* at 14–16, 19–21.) The Court ordered Albert to show cause why remaining claims one, three, six, seven, eight, nine, and ten should not be dismissed as to the nonmoving Defendants for failure to state a claim. (*Id.* at 25.) On December 5, 2018, Albert filed her response. (Dkt. 261.)

The remaining Defendants are: Orange County Superior Court, Citibank, N.A., Monica Jones, George Olivo, Pam Ragland, Greg Diamond, Anthony Troy Williams, Common Law Office of America, Cynthia Brown, Sherry Hernandez, Karin Huffer, Steve Ballard, Catherine Olsen, Norma White, Valerie Lopez, Sheri Moody, Billie Rene Powers, William Wagener, Joanne Kennedy, Maegan Donovan Nikolic, and Vern Nelson. Default has been entered against Citibank, N.A. (Dkt. 218), Monica Jones (Dkt. 226), George Olivo (Dkt. 237), and Pam Ragland (Dkt. 238). Other than Greg Diamond, no Defendant has filed an Answer to Albert's First Amended Complaint. (*See* Dkt. 196.) For the following reasons, the Court hereby **DISMISSES WITH PREJUDICE** Albert's remaining claims as to the nonmoving Defendants.

**II. LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). The district court may also consider additional facts in materials that the

district court may take judicial notice, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## III. ANALYSIS

### 1. Claim One: RICO

Albert brings claim one for violations of RICO against all Defendants. (FAC ¶¶ 51–344.) Albert generally alleges that Defendants participated in a "larger scheme designed to maximize Defendants' own profits" under which they "agreed to commit acts of fraud, extortion, impersonation, and grand theft to wrongfully obtain property and/or money from [Albert]." (*Id.* ¶¶ 54–55.)

To state a civil RICO claim, a plaintiff must allege facts showing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005); *see also* 18 U.S.C. § 1964(c). To show an "enterprise," a plaintiff must state facts that establish (1) "a common purpose of engaging in a course of conduct," (2) an "ongoing organization, formal or informal," and (3) "evidence that various associates function as a continuing unit." *Odom v. Microsoft Corp.*, 486 F.3d 541, 548, 552 (9th Cir. 2007).

The Court dismissed Albert's RICO claim because she failed to allege the existence of an "enterprise" or any predicate acts constituting racketeering activity. (Dkt. 259 at 14–16.) Albert contends in her response that the Court's reasoning was premised on the Court's "esteem" for the moving parties because "some of them are lawyers." (Dkt. 261 at 6 ["Plaintiff doesn't care if [the defendant] is Buddha and neither does the law."].) However, the moving Defendants' professions were neither relevant to nor mentioned in the Court's discussion of Albert's RICO claim. Indeed, that has no bearing on the fact that Albert has wholly failed to plead the elements of a claim under RICO. Albert's barebone assertion that the remaining Defendants were "associated in fact" does not plausibly allege an "enterprise" with a "common purpose" or an "ongoing organization." *See Odom*, 486 F.3d at 552. Albert does not offer any facts that plausibly suggest that nearly thirty Defendants, including the Orange County Superior Court, several past clients, and opposing counsel, conspired to commit violations of RICO against her. Nor does she plausibly allege that Defendants engaged in any predicate acts. Albert contends that these individuals filed State Bar complaints against her, threatened her dog, and posted fake Yelp reviews. But she fails to explain how any of this conduct, even if true, constitutes actionable predicate acts under the RICO statute. *See Savage v. Council on Am.-Islamic Relations, Inc.*, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (finding a RICO claim insufficient where plaintiff set forth a "redundant narrative

of allegations and conclusions of law but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO"). Because amendment would be futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), claim one is **DISMISSED WITH PREJUDICE** as to the remaining Defendants.

### 2. Claim Three: Conspiracy to Interfere with Civil Rights

Albert brings claim three for conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985 against Defendants Pam Ragland, Norma White, Greg Diamond, Monica Jones, Cynthia Brown, Billie Rene Powers, Maegan Donovan Nikolic, Sherry Hernandez, and Joanne Kennedy. (FAC ¶¶ 371–79.) To state a claim for conspiracy under section 1985, a plaintiff must allege (1) existence of a conspiracy between two or more persons, (2) an act in furtherance of the conspiracy, and (3) resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citation omitted).

Here, Albert's third claim under 42 U.S.C. § 1985 is entirely predicated on her second claim for retaliation in violation of 42 U.S.C. § 1983, which the Court already dismissed with prejudice. In her second claim, Albert alleges that the State Bar "retaliated against her" by posting "fabricated allegations" about her on its website. (FAC ¶ 352.) In her third claim, Albert alleges that additional individual Defendants conspired with the State Bar Defendants to retaliate against her by republishing these allegations via social media. (*Id*. ¶ 374.) The Court dismissed her second claim because she failed to allege any facts suggesting that she engaged in constitutionally protected activity or that Defendants took adverse action against her for that activity, (Dkt. 259 at 17–18). As Albert herself acknowledges, her third claim is "dependent on the second [claim] surviving." (Dkt. 261 at 15.) Without any underlying violation of Albert's civil

rights, there can be no conspiracy to commit that violation. Accordingly, her third claim is **DISMISSED WITH PREJUDICE**.

### 3. Claims Six and Seven: Defamation and False Light

Albert brings claim six for defamation and claim seven for false light invasion of privacy against Defendants Greg Diamond, Pam Ragland, Maegan Donovan Nikolic, Joanne Kennedy, Mary Smith, and Vern Nelson. (FAC ¶¶ 409–45.) Albert alleges these Defendants "aided and abetted Greg Diamond" in posting several purportedly defamatory publications on the online blog, www.orangejuiceblog.com. (*Id.* ¶ 413.) One such publication suggested that anyone who hires Albert is "foolish." (*Id.* ¶ 421.) Another stated that Albert "hurt the most people under the guise of helping them, and got into the most trouble[] during the rash of illegal foreclosures earlier in this decade." (*Id.* ¶ 426.)

To state a claim for defamation under California law, Albert must allege "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injury or causes special damage." *KM Strategic Mgm't, LLC v. Am. Cas. Co. of Reading PA*, 156 F. Supp. 3d 1154, 1166 (C.D. Cal. 2015) (citation and quotation marks omitted). Because the publication "must contain a provable falsehood, courts distinguish between statements of fact and statements of opinion for purposes of defamation liability." *ZL Techs., Inc. v. Does 1–7*, 13 Cal. App. 5th 603, 624 (2017). An opinion cannot constitute actionable defamation unless it "implies a false assertion of fact." *Id*. For instance, "[o]verly vague statements and generalized comments . . . signal to the reader that there is no factual basis for the accusations, such that the statements are non-actionable opinion." *See id*. at 624 (citation and quotation marks omitted). In deciding whether a challenged statement is subject to a defamatory interpretation, the Court must examine "the nature and full content of the particular communication, as well

as the knowledge and understanding of the audience targeted by the publication." *Id*. at 624–25.

Albert fails to plausibly allege that Defendants' statements, in light of their "nature and full content," are anything other than non-actionable opinion. *See id*. As to the nature of the communication, the statements at issue were posted on an online blog titled "The Orange Juice Blog . . . Orange County's Political Mosh Pit." *See* www.orangejuiceblog.com (last accessed Dec. 29, 2018). Immediately below the blog's title is the following quote: "I have rarely seen such a virulent, grandiose and self-important gaggle of ankle biters." As to the content of the statements, the majority of them are either individuals' opinions of Albert's reputation as an attorney or descriptions of personal interactions with her. (*See, e.g.*, Compl. ¶ 426 [quoting a blog post in which Defendant Vern Nelson said "despite the nice-charitable-girl image [Albert] cultivated, she almost never worked pro bono, unless there was some great publicity to be gained"]; *id*. ¶ 430 [quoting a blog post in which Defendant Pam Ragland wrote that she has been "fighting a false defamation claim" against her by Albert].) Albert's conclusory assertion that these statements are "libelous on [their] face because [they] clearly expose[] plaintiff to hatred, contempt, [and] ridicule" is simply unsupported by her factual allegations. (*See id*. ¶¶ 428, 432.) The blog avers that any publications or comments on the blog "are the sole responsibility" of the individual authors and do not represent the blog operators' views. Albert fails to plausibly allege how the statements on Orange County's self-proclaimed "political mosh pit" constitute defamatory falsehoods entitling Albert to damages.

Albert's second claim for false light invasion of privacy is derivative of her defamation claim. To state a claim for false light invasion of privacy under California law, Albert must allege "a public disclosure" that "places [her] in a false light in a manner highly offensive to a reasonable person." *Lorenzo v. United States*, 719 F. Supp.

2d 1208, 1213 (S.D. Cal. 2010). "California courts have largely collapsed 'false light' causes of action into libel." *Cort v. St. Paul Fire & Marine Ins. Co.*, 311 F.3d 979, 987 (9th Cir. 2002). Accordingly, "[w]hen a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action." *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1385 n.13 (1999). Here, Albert's false light claim is premised on the same publications at issue in her defamation claim. Accordingly, her claim for false light also fails. Because Albert has failed to allege any facts that suggest the deficiencies in her defamation and false light claims can be cured by amendment, claims six and seven are **DISMISSED WITH PREJUDICE**.

### 4. Claim Eight: Interference with Prospective Economic Advantage

Albert brings claim eight for tortious interference with prospective economic advantage against Defendants Anthony Williams, Cynthia Brown, Sheri Moody, George Olivo, Norma White, William Wagener, Monica Jones, Sherry Hernandez, Joanne Kennedy, Billi Rene Powers, Greg Diamond, Vern Nelson, Pam Ragland, and Maegan Donovan Nikolic. (FAC ¶¶ 456–64.) To state a claim for tortious interference with prospective economic advantage, a plaintiff must show (1) existence of an economic relationship between the plaintiff and a third party that contains the probability of future economic benefits to plaintiff, (2) defendant's knowledge of the relationship, (3) intentionally wrongful acts designed to disrupt the relationship, (4) actual disruption of that relationship, and (5) economic harm proximately caused therefrom. *Roy Allan Slurry Seal v. Am. Asphalt*, 2 Cal. 5th 505, 512 (2017). The Court dismissed this claim as to Defendant Devin Lucas because Albert failed to allege any facts showing that Lucas knew of any of Albert's relationships with third parties, let alone committed independently wrongful acts to disrupt those relationships. (Dkt. 259 at 19.)

Albert likewise fails to allege facts that state a plausible claim for interference with prospective economic advantage against the remaining Defendants. Albert claims in conclusory fashion that these sixteen Defendants knew about her attorney client-relationships and "disrupted [them] by an independent tort." (FAC ¶¶ 457, 459.) However, she fails to specify any independently tortious acts, let alone ascribe them to any individual Defendant. Nor does she specify what relationship was disrupted or how the disruption resulted from actions that Defendants allegedly took. In sum, Albert's blanket allegations simply fail to state the elements of a claim for tortious interference with prospective economic advantage. Accordingly, claim eight is **DISMISSED WITH PREJUDICE** as to the remaining Defendants.

### 5. Claims Nine & Ten: California's Unfair Competition Law

Albert brings claims nine and ten for violations of California's Unfair Competition Law ("UCL") against Defendants Citibank, N.A., Anthony Williams, Common Law Office of America, George Olivo, Sheri Moody, Valerie Lopez, Cynthia Brown, Sherry Hernandez, Monica Jones, Pam Ragland, Greg Diamond, Billi Rene Powers, William Wagener, Karin Huffer, Mary Smith, Joanne Kennedy, Steve Ballard, Catherine Olsen, Maegan Donovan Nikolic, Vern Nelson, and Norma White. (FAC ¶¶ 465–92.) Albert's claims for UCL violations are largely derivative of her RICO claim.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL "borrows" rules from other laws and "makes violations of those rules independently actionable." *Zhang v. Superior Court*, 57 Cal. 4th 364, 370 (2013) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)). However, an action under the UCL 'is not an all-purpose substitute for a tort or contract action.' Instead, the act provides an equitable means through which both public prosecutors and private individuals can bring suit to prevent unfair business

practices and restore money or property to victims of these practices." *Zhang*, 57 Cal. 4th at 371 (internal citations omitted) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150 (2003)). Due to this objective, the available remedies are "limited" and "narrow." *Id.* Under the UCL, "prevailing plaintiffs are generally limited to injunctive relief and restitution." *Id.*

Here, Albert fails to explain how she is entitled to injunctive relief or restitution under the UCL. She broadly claims that Defendants' "unlawful, unfair, and fraudulent business practices" constitute "a continuing threat to members of the public warranting an injunction, freezing of assets and accounting, as well as restitution." (FAC ¶ 483.) Given that the allegedly "continuing threat" is a series of "sovereign citizen schemes" to divert customers away from Albert, it is unclear what assets she refers to or how she is otherwise entitled to relief under the UCL. Other than references to purported "predicate acts" alleged under her claim for violations of RICO, Albert fails to allege any facts explaining how any of the individual Defendants are engaged in a "business act or practice" that is unlawful or fraudulent. (*See, e.g.*, *id.* at ¶ 479 [stating that the "various schemes as outlined above . . . constitute[] an unlawful act or practice"].) Accordingly, claims nine and ten are **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the foregoing reasons, Albert's remaining claims are **DISMISSED WITH PREJUDICE**.

DATED: January 2, 2019

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE